OPINION
Appellant, Rhonda McMurray, appeals from the judgment of the Marion County Court of Common Pleas, Juvenile Division, awarding permanent custody of her minor child, Nicole McMurray, to the Marion County Children Services ("MCCS").
The record reveals that the child was originally placed outside her parents' care in January 1994. On May 21, 1998, MCCS filed a motion to modify temporary custody to permanent custody. A hearing was held on August 3, 1999. After the hearing, the juvenile court granted the motion for permanent custody. Appellant now appeals, asserting the following assignment of error:
 The court's determination that the child should not be placed with either parent was not supported by clear and convincing evidence.
 Appellant contends that the juvenile court erred in determining that appellant's child should not be placed with her when the record fails to support the required factors of R.C. 2151.414(E).
R.C. 2151.414(E) provides that if the court finds, by clear and convincing evidence, that one or more of the enumerated factors exist, the court must enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Those factors include whether the parent has failed "continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home," whether the parent has a "chemical dependency * * * that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year" of the hearing on the motion, and whether the parent has "demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child." R.C. 2151.414(E)(1), (2), and (4).
In its judgment entry, the juvenile court found, among other things, that the parents have failed to substantially remedy the conditions that caused the child to be removed; that the overriding problem was appellant's drug and alcohol abuse and the drug and alcohol abuse and frequent incarceration by the father; and further that the parents have demonstrated a lack of commitment toward the child by failing to correct the living and working conditions.
Since 1994, the case plan objectives developed by MCCS for appellant included the following: (1) maintain a stable, safe home environment; (2) demonstrate that she can refrain from the use of alcohol and drugs; (3) participate in and complete a drug and alcohol assessment; (4) submit to urinalysis every two weeks; (5) attend AAA meetings; (6) attend therapeutic counseling to resolve any substance abuse and domestic violence issues; and (7) refrain from criminal activity. At the permanent custody hearing, the evidence showed that appellant attended maybe a couple AAA meetings and submitted to drug tests only fourteen times in approximately a three-year period from 1994 to 1997. Appellant tested positive for cocaine and/or marijuana on six occasions between 1994 and 1995. A caseworker testified that she had sent more than ninety letters to appellant since September or October of 1997 requesting drug testing, resulting in no such testing. The caseworker further testified that appellant had only recently completed the drug and alcohol assessment the month before the permanent custody hearing, which resulted in a recommendation of counseling to assist her in dealing with her chemical dependency problems. Although appellant claimed she had completed an assessment in 1994, appellant admitted that she was aware of that requirement. Appellant's convictions during the case plan included disorderly conduct involving intoxication, driving under the influence, driving under suspension, drug paraphernalia and drug abuse.
During the years following Nicole's removal, the parents frequently sought overnight visitations with her. The overnight visitations, however, were terminated because of the caseworker's concerns. Specifically, she stated that MCCS received a police report and she stated that her discussion with the child reflected that there was minimal food in the home and there was a domestic violence incident in which the father hit appellant's head against a radio.
Our examination of the record satisfies us that ample evidence was presented to support the juvenile court's decision. The record shows that MCCS had a history of involvement with appellant and her child beginning in 1994. The trial court heard testimony from two social workers that appellant has failed to abide by the case plan objectives as related to her drug and alcohol problems while there was testimony offered that the child was removed from the home because of drug use and neglect. Given appellant's history and unwillingness to modify the behavior which necessitated removal of the child, this evidence also could be found to establish a lack of commitment and unwillingness to provide an adequate permanent home for Nicole. Accordingly, the juvenile court did not err by granting permanent custody of Nicole to MCCS and appellant's sole assignment of error is overruled.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, concur.